**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SIMONE KELLY-BROWN and OWN
YOUR POWER COMMUNICATIONS,
INC.,

                      Plaintiffs,

                      v.

OPRAH WINFREY, et al.,

                      Defendants.

Civil Action No. 11-4360 (SRC)

**OPINION & ORDER**

**CHESLER**, District Judge

      This matter comes before the Court upon Plaintiffs' motion for reconsideration of this Court's November 3, 2011 Order [docket entry 45]. The November 3, 2011 Order granted Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendants have opposed the motion for reconsideration.

      Under District of New Jersey Local Civil Rule 7.1(i), a party may file a motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). The party seeking reconsideration must indicate to the court what dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. Id.; Bryan v. Shah, 351 F.Supp.2d 295, 297 n. 2 (D.N.J. 2005) (citing Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001)). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1)

an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

The Court in this case has good grounds to deny the instant motion for reconsideration, even without conducting a review of whether Plaintiffs have demonstrated that they meet the Third Circuit's high standard for the relief they seek.  To put it succinctly, this Court has been divested of authority over this action.  "The rule is well-established that a transferor court loses jurisdiction to reconsider its order for transfer once the records in the transferred action are physically transferred to and received by the transferee court." Database Am. Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1221 (D.N.J. 1993).  The district's local rules, moreover, do not impose any waiting period on the Clerk of the Court, during which the Clerk must delay transmittal of the records pursuant to the Court's order of venue transfer. Id. at 1221-22.  Thus, although Plaintiffs filed a notice on the docket of this case on November 4, 2011 indicating their intention to file a motion for reconsideration and stay, the Court was in no way required at that time to order the Clerk to stay execution of the November 3 transfer order.

Accordingly, the Clerk transferred the action, and the docket notes, in an entry made on November 9, 2011, that the transferee district, the Southern District of New York, had docketed the transferred action. Plaintiffs' timely filing of this motion for reconsideration on November 17, 2011 notwithstanding, the Court cannot entertain this motion because it lost jurisdiction over the case on or before November 9, 2011 when the Southern District of New York received the physical transfer of records.

      The Court adds that it has nevertheless reviewed the papers filed by the parties in connection with this motion, in light of Plaintiff's November 4 filing providing notice that a motion for reconsideration was forthcoming. See id. at 1222-23 (observing that it may be proper to delay transfer of an action pending a possible motion for reconsideration when the aggrieved party promptly files a notice that it intends to seek reconsideration of a transfer order). The Court further holds that, even if Plaintiffs' filings had properly stalled the transfer and thus preserved this Court's jurisdiction, the instant motion lacks merit. Plaintiffs argue that the Court committed a clear error of law by ordering this action to be transferred when Plaintiffs motion for a preliminary injunction was still pending. Plaintiffs, however, cite no legal authority to support this argument. They also argue that by failing to adjudicate the preliminary injunction motion prior to transfer, the Court created a situation of manifest injustice to Plaintiffs, who contend they have been hampered in their efforts to vindicate their rights under the Lanham Act. Quite to the contrary, the Court indeed gave careful consideration in deciding the motion to transfer venue to the issue of whether full and satisfactory relief could be obtained by either Plaintiffs or Defendants in this Court, given the *bona fide* dispute concerning the existence of personal jurisdiction over several of the Defendants in New Jersey. The Court held that transfer was

favored in light of the fact the jurisdictional challenges raised by Defendants would be obviated by granting their motion to transfer the action to the Southern District of New York. Plaintiffs' argument, that the Court's adjudication of the venue transfer without first deciding the motion for preliminary injunction "frustrated the purpose of injunctive relief under the Lanham Act" (Pl. Br. at 1) simply makes no sense. The approach they advocate would have forced the Court to resolve the personal jurisdiction issues raised and could very well have left Plaintiffs without the injunctive remedy they sought, wholly without regard to the merits of their position. In contrast, there is no indication that Plaintiffs are foreclosed from applying to the transferee court for the preliminary injunction they seek.

      As for Plaintiffs' various other points about errors they claim the Court committed – its observation relating to where Plaintiffs' claim arose, application of the burden on a motion to transfer venue and recitation of pertinent facts alleged in the Complaint – these concerns do no more than express Plaintiffs' disagreement with the Court's analysis of the private and public factors that the Third Circuit has recognized as pertinent to a § 1404(a) motion. Such disagreement is not a basis for granting the extraordinary remedy of reconsideration. Plaintiffs, in short, have not demonstrated that the Court overlooked any dispositive factual matters or controlling decisions of law in deciding to transfer this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). As such, they have not met the District of New Jersey's stringent requirement for granting reconsideration.

Accordingly,

**IT IS** on this 15th day of December, 2011,

**ORDERED** that Plaintiffs' motion for reconsideration [docket entry 45] be and hereby is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge